Nola Foulston Sedgwick County District Attorney Sedgwick County Courthouse 555 N. Main Wichita, Kansas 67203
Robert W. Fairchild Douglas County Counselor Riling, Burkhead, Fairchild Nitcher 808 Massachusetts Street P.O. Box 8 Lawrence, Kansas 66044-8996
Dear Ms. Foulston and Mr. Fairchild:
You each have requested this office to issue an opinion concerning permissible compensation for members of township boards in Kansas. For the sake of clarity and convenience, we will respond to both requests in one opinion.
K.S.A. 68-101(1) defines a township board as "the governing body of the township composed of the township trustee, the township clerk and the township treasurer." Three statutes authorize payment to these officials for work done with respect to these offices. K.S.A. 80-207 allows all townships to reimburse township officers for expenses incurred while attending to township business. A statutory limit is not established on the amount that can be received pursuant to this expense reimbursement statute. K.S.A. 80-1204 allows trustees in townships located in counties infested with prairie dogs to receive "reasonable" compensation for work done in connection with prairie dog eradication. A statutory limit is not established on the amount that can be received pursuant to this compensation statute. K.S.A 80-1421
allows township officers in townships abutting a city of the first class located in counties having a population of 150,000 to 180,000 to receive $25 per day for each day actually spent on township business. The amount received pursuant to this compensation statute is limited to $50 per calendar month.
Township officers are also statutorily authorized to hold other positions for which they may be compensated in addition to the compensation received in their capacity as township board members as described above. See VII Opinions of the Attorney General 795; Attorney General Opinion No. 81-288. By specific statutory authorization, members of a township board may serve as township highway commissioners (K.S.A. 68-523), the township auditing board (K.S.A. 80-302), water system supervisors (K.S.A. 80-1407), the fire district governing body (K.S.A. 80-1542), and the sewage district governing body (K.S.A. 80-2002). Authorized compensation for work done in these capacities varies.
K.S.A. 68-525 authorizes $15 per day, up to a maximum of $480 per year, when the individual is working as a highway commissioner. However this statute identifies three specific situations which differ from this general provision. In a township with a population of 5,000 to 8,000 and a valuation of at least $7,000,000 the trustee and the clerk may receive a maximum of $200 per year and the treasurer may receive a maximum of $100 per year under this statute. If the township is adjacent to a city of the first class, board members serving as highway commissioners may receive $600 per year in lieu of the $15 per diem amount. In townships in counties with a population of less than 16,000, members of the township board may receive up to $3,000 as reasonable compensation for the performance of road and bridge maintenance.
K.S.A. 80-302 allows all township board members to receive $50 per day ($30 if less than four hours) spent in performance of the duties of the township auditing board. A statutory limit is not established for the amount that may be received pursuant to this statute.
K.S.A. 80-1407 allows for compensation of township officers who are serving as supervisors of the water system. However specific requirements are established. In a township with a population of 80,000 to 170,000 and more than 500 water customers, each township officer may be paid $25 per month. In a township with a population greater than 125,000 and at least 1,500 water customers, each township officer may be paid $100 per month.
K.S.A. 80-1544 allows township board members to be paid $50 per day ($30 if less than four hours) for work done as the governing body of the fire district. There is a $100 per month limit on the amount that may be received in this capacity. This statute also allows township board members to receive $25 per day ($15 if less than four hours) for work done as the auditing board of the fire district. The amount received under this provision is limited to $50 per month.
K.S.A. 80-2002 allows township board members to receive $3.50 per day when serving as the governing body of the sewage district. There is no statutory limit on the total amount that may be received pursuant to this statute.
In order to be complete on the question of compensation for township board members, we must address four other statutes. These provisions do not specifically authorize nor prohibit township board members holding these positions. Thus, each provision must be analyzed under the common law doctrine of incompatibility of offices.
"Offices are incompatible when the performance of duties of one in some way interferes with the performance of duties of the other. . . . It is an inconsistency in the functions of the two offices."Dyche v. Davis, 92 Kan. 971 (1914).
This doctrine has not been restricted to offices, but includes public employment as well. Attorney General Opinion No. 81-88;Dyche, supra, 63A Am.Jur.2d, Public Officers and Employees sec. 65. Thus, a township board member, as a public office holder, may not hold any position which would be inconsistent with his duties as a board member. In Attorney General Opinion No. 81-88, former Attorney General Stephan discussed this concept of inconsistent positions. Further, general authorities provide assistance in determining when the nature and duties of two offices are inconsistent, so as to render them incompatible. For example:
 "[A] conflict of interest exists where one office is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power of appointment as to the other office or has the power to remove the incumbent of the other to punish the other. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other, or to audit his accounts." 67 C.J.S. Officers, sec. 27.
K.S.A. 68-530 allows the township board to appoint a road overseer. This statute specifically provides that in townships of less than 500, the trustee may, by unanimous vote, be appointed to serve as the township road overseer. This provision has previously been interpreted to mean that in townships with a population over 500 the trustee and other members of the township board may not hold this position. First, it may create an incompatibility to allow township board members to appoint themselves to the position of road overseer and then pay themselves a reasonable compensation for the work. Second, the provision that allows for the trustee to hold the position of road overseer in townships of less than 500 persons operates as a prohibition against the same occurrence in townships of greater than 500 persons. II Opinions of the Attorney General 310; Attorney General Opinion No. 82-248. [It should be noted, however, that it has also been opined that the doctrine of incompatibility did not prevent the appointment of a township board member as an assistant to the township road overseer. Attorney General Opinion No. 79-242.] Thus, it is our opinion that, except in townships with a population under 500, persons may not simultaneously hold the positions of township board member and township road overseer.
K.S.A. 68-132 allows for the appointment of an inspector for sidewalks and crossings. As with the previous statute, this position is appointed by the township board. Again, this may cause an incompatibility problem if the board appoints a board member and compensates the inspector with public funds. Thus, it is our opinion that a person may not simultaneously hold the positions of township board member and inspector for sidewalks and crossings of the inspector is paid from public funds and the board has the power to remove or punish the individual and regulate the amount of compensation.
K.S.A. 80-2510 allows for the compensation of a township hospital board. K.S.A. 80-2508 allows for four different methods for the selection of hospital board members. Whether an individual may serve simultaneously as a township board member and as a member of a hospital board is a factual matter that must be determined on a case-by-case basis. If, based on the specific facts involved, holding the two offices would not violate the doctrine of incompatibility of offices, compensation would be determined according to K.S.A. 80-2510.
K.S.A. 80-1904 and 80-1917 allow for the compensation of volunteer members of township fire departments at a rate specified by the township board when attending fires. The doctrine of incompatibility may preclude a township board member from serving as a member of the township fire department because board members and firefighters are compensated from public funds. If the township board has the power to appoint and remove the members of the fire department and regulates their compensation, the positions may be incompatible.
We have been asked to opine on the maximum amount that an individual township board member may receive in compensation. Clearly, too many variables exist to address that question generally. We hope that the above detail concerning possible sources of compensation for township board members will be a useful guide in answering that question on a case-by-case basis. Township boards are creatures of statute, and as such cannot act outside the bounds specifically authorized by statute. We have located no statute which allows for the compensation of township officers beyond the limits previously enumerated. Thus, township boards may not establish a "salary" in lieu of the amounts specified in the authorizing statutes.
Other than K.S.A. 80-2510 which requires an itemization of expenses as part of the public record for hospital boards, we can find no statutory provision which dictates the type of documentation that must be presented in order for township board members to receive their compensation. However, because most of the authorized compensation is in the form of a "per diem," it logically follows that township board members must provide some form of time log to indicate the hours spent with respect to each office held. We note that most of the above listed statutes require that time spent on township business be "actual" and "necessary."
In conclusion, township board members may be compensated only for the positions that they are statutorily authorized to hold and only in the amount specified by statute. A monthly "salary" may not be paid in lieu of the statutorily specified amounts.
Very truly yours,
 CARLA J. STOVALL ATTORNEY GENERAL FOR KANSAS
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm